IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
TOM J. FRYE,                    )
                                )
          Plaintiff,            )     4:98CV3105
                                )
     v.                         )
                                )
YOUNG MEN'S CHRISTIAN           )     MEMORANDUM AND ORDER
ASSOCIATION of Lincoln,         )
Nebraska,                       )
                                )
          Defendant.            )
_____)
```

This matter is before the Court on plaintiff Tom Frye's motion for contempt (Filing No. 31). Upon review of the motion, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that an evidentiary hearing should be held to aid in determining whether an ordinary, reasonable person would find the forms of expression found in KnightQuest substantially similar to those in Kastleland.

Frye asks this Court to hold the YMCA in contempt for violation of its injunction of October 5, 1998. "As a general matter, when a litigant refuses to respect the authority of the court, it is not an abuse of discretion for the court to hold the litigant in contempt and impose a sanction to coerce compliance." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec.*, 293 F.3d 409, 418 (8th Cir. 2002). The question here is whether defendant YMCA did in fact violate the Court's injunction. This Court's injunction states that:

>IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendants and their officers, directors, agents, servants, employees and other persons in active concert or participation with them, be permanently enjoined and retrained from: (A) Directly or indirectly infringing Frye's copyright in "Kastleland"; (B) Using Frye's state registered trademark "Kastleland" or any confusingly similar derivative thereof, to market, promote, advertise any product, service creative work, engage in any other unauthorized use, or otherwise infringe upon Frye's registered trademark; (C) Taking any action that is likely to cause confusion, injury to business reputation or dilution of the distinctiveness of Frye's "Kastleland" trademark; (D) Directly or indirectly claiming any ownership interest in "Kastleland."

(Filing No. 25.)  As an initial matter, there is no allegation here that the YMCA has violated the injunction by using Frye's registered trademark in the name "Kastleland," and the Court finds as a matter of law that "Kastleland" and "KnightQuest" are dissimilar such that the name "KnightQuest" does not infringe upon Frye's trademark.[1]  Sections (B) and (C) of the injunction

---

[1] It is important to distinguish here between trademarks and copyrights.  "Trademarks, copyrights and patents all differ.  A copyright protects an original artistic or literary work; a patent protects an invention."  United States Patent and Trademark Office, *Trademark, copyright or patent?*, http://www.uspto.gov/go/tac/doc/basic/trade_defin.htm.  "A trademark is a word, phrase, symbol or design, or a combination of words, phrases, symbols or designs, that identifies and distinguishes the source of the goods of one party from those of others."  *Id.*

have therefore not been violated.  Similarly, nothing before the Court suggests that the YMCA has directly or indirectly claimed an ownership interest in "Kastleland" and thus section (D) of the injunction has not been violated.  The remaining question is whether the YMCA directly or indirectly infringed Frye's copyright in "Kastleland" in violation of section (A) of the injunction.

Frye asserts that the YMCA violated his copyright, and therefore this Court's injunction, by copying Kastleland and running the program free of charge.  (*See* Filing No. 31, at 3.)  The YMCA argues that KnightQuest does not infringe on the Kastleland copyright because the copyright law protects the author's expression of an idea but not the idea itself and because Frye is attempting to use the copyright law to protect an idea.  (Filing No. 59, at 3-4.)  The Copyright Act provides that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  17 U.S.C. § 102(b).  In order to prove copyright infringement, Frye must prove that (1) he owns the copyright in Kastleland; (2) the YMCA had access to it; and (3) that there is substantial similarity between Kastleland and KnightQuest in both ideas and expression.  *See Hartman v.*

*Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987). Based upon the evidence before it, the Court finds that Frye owns the copyright in Kastleland and that the YMCA had access to it. Therefore, the YMCA should be held in contempt for violating the injunction if the Court finds substantial similarity between the two productions.

Because there must be substantial similarity of both idea and expression for infringement to lie, the Court engages in a two-step analysis. "First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression." *Id.* (citing *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 319 (9th Cir. 1987). The distinction between idea and expression is not always readily apparent. Where, as here, the alleged plagiarist

> does not take out a block in suit, but an abstract of the whole, decision is . . . troublesome. Upon any work, and especially upon a play, a great number of patterns of increasing generality will fit equally well, as more and more of the incident is left out. The last may perhaps be no more than the most general statement of what the play is about, and at times might consist only of its title; but there is a point in this series of abstractions where they are no

>               longer protected, since otherwise
>               the playwright could prevent the
>               use of his "ideas," to which, apart
>               from their expression, his property
>               is never extended.

*Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930).

As noted above, the Court has reviewed the submissions of the parties, and it appears that the two productions share at least some similarity of ideas.  However, it is not clear at this time whether this similarity of ideas is substantial or if any similarity of expression is substantial and protectable under the copyright law.  The Court notes that "analytical dissection and expert opinion are not called for under the second step in which substantial similarity of expression is measured by a different standard-the response of the ordinary, reasonable person."  *Hartman*, 833 F.2d at 120.  The Court concludes that an evidentiary hearing would assist in determining whether the two expressions are substantially similar.[2]  Accordingly,

---

[2] The plaintiff has chosen to appear in this matter *pro se*. At the upcoming hearing he may continue to represent himself or he may choose to retain counsel.  The Court does not appoint counsel in a civil matter such as this.  However, the Court notes that both Creighton University and the University of Nebraska College of Law maintain excellent clinical education programs which may be of assistance to the plaintiff in presenting his case.

IT IS ORDERED that the parties shall appear before the Court on:

**Tuesday, June 2, 2009, at 9 a.m.**

Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska, for an evidentiary hearing in accordance with this memorandum and order.

DATED this 18th day of May, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court